## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JOHN W. WOODS, SR.        :
o/b/o CLAUDE J. WOODS,
deceased,                    :

      Plaintiff,          :

vs.                      :      CA 99-0640-CG-C

MICHAEL J. ASTRUE,      :
Commissioner of Social Security,[1]
                         :

      Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on the petition for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 22).[2] Upon consideration of all pertinent materials contained in the file, it is

---

[1]     Michael J. Astrue became the Commissioner of Social Security on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Astrue is substituted for Jo Anne B. Barnhart as the proper defendant in this case.

[2]     While the petition for authorization of attorney's fees was filed on December 18, 2007 (Doc. 22), it was not referred to the undersigned for appropriate disposition until July 3, 2008 (*see* Docket Sheet).

determined that petitioner should receive a reasonable fee in the amount of $11,941.00.

## FINDINGS OF FACT

1.      Byron A. Lassiter, Esquire, was hired by Claude J. Woods on or about February 7, 1997, to represent him in connection with his claims for disability insurance benefits and supplemental security income.  (*See* Doc. 22, at 1) Approximately two weeks prior to the date the complaint was filed in this Court, that is, on June 27, 1999, Woods executed a fee agreement wherein he agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision.  (*Compare* Doc. 22, Exhibit D, Fee Agreement, at ¶¶ 2-3 ("It is understood and agreed that the attorney's fee will be 25% of the combined gross back benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Secretary, prior to any reduction under Section 1127(a) of the Act. It is understood that Social Security past due benefits represent the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which

2

I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim.") *with* Doc. 1, Complain (filed July 9, 1999))

2.      Following remand proceedings (*see* Doc. 15 (judgment remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that plaintiff was entitled to a period of disability and disability insurance benefits commencing March, 1992. (*See* Doc. 22, Exhibit B)

3.      The total amount of past-due benefits the Social Security Administration has determined Mr. Woods to be entitled to receive is $68,964.00. (*See* Doc. 22, Exhibit B) The Social Security Administration withheld twenty-five percent (25%) of that amount, that is, $17,241.00, for payment of attorney's fees. (*Id.*)

4.      Petitioner has submitted to this Court an itemized statement regarding the time spent before this Court pursuing Woods' claims.  The total time delineated therein is 11.1 hours.  (Doc. 22, Exhibit A)

5.      Petitioner requests that this Court approve an attorney's fee in the amount of $11,941.00 which represents the remainder of 25% of the past-due benefits to which the Administration has determined Woods entitled under

the Social Security Act, minus the $5,300.00 fee petitioner has already

received from the Social Security Administration for services rendered before

the Administration (*see* Doc. 22, Exhibit C, Authorization to Charge and

Collect a Fee ("You are authorized to charge and collect a fee in the amount

of $5,300.00 for services provided to the claimant and auxilaries, if any, for

proceedings before the Social Security Administration. . . . We will directly

pay your fee from the claimant's Title II and/or Title XVI past-due

benefits.")), for the 11.1 hours he spent before this Court representing Mr.

Woods.

## CONCLUSIONS OF LAW

1.      Section 206(b) of the Social Security Act, codified at 42 U.S.C.

§ 406(b), provides that a court which renders a favorable judgment to a Social

Security claimant may award the claimant's attorney a reasonable fee for his

representation of the claimant "not in excess of 25 percent of the total of past-

due benefits to which the claimant is entitled by reason of such judgment, and

the Commissioner of Social Security may, notwithstanding the provisions of

section 405(i) of this title, but subject to subsection (d) of this section, certify

the amount of such fee for payment to such attorney out of, and not in addition

to, the amount of such past-due benefits."[3]  Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

2.      The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002); *see also id.* at 807, 122 S.Ct. at 1828 ("Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is  reasonable for the services rendered.").

---

[3]      "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.   If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808, 122 S.Ct. at 1828 (internal citations omitted).

3.      In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable.  In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v.*

*Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). *See Gisbrecht*, *supra*, 535 U.S. at 799 & 808-809, 122 S.Ct. at 1823-1824 & 1829.

4.      The Social Security Administration withheld twenty-five percent of Claude Woods' past-due disability insurance benefits for payment of an attorney's fee and the contingency agreement which Woods entered into on June 27, 1999 contemplates an attorney's fee of as much as twenty-five percent (25%) of the claimant's past-due benefits following a favorable decision. Certainly, the amount requested by the petitioner here, $11,941.00, when combined with the $5,300.00 petitioner has received from the Administration, is not more than twenty-five percent of claimant's past-due benefits because the Commissioner specifically withheld only twenty-five percent of the past-due benefits, to which Woods was found entitled, for payment of an attorney's fee.  In addition, there is absolutely no evidence whatsoever that the petitioner delayed this case in any manner and the undersigned does not find that the requested amount is so large as to be a windfall to the petitioner.[4]  The undersigned finds no unreasonable windfall

---

[4]      The request, when broken down, renders an hourly rate of approximately $1,075.77.

not only because of the length of petitioner's professional relationship with the claimant and the favorable results achieved by petitioner but also because this Court has specifically authorized the award of even greater fees in at least one other case. *See, e.g., Mizell v. Astrue*, 2008 WL 536168, \*1 & 5 (S.D. Ala. 2008) ($1,682.41 per hour for 15 hours of legal work found reasonable); *see also Droke v. Barnhart*, 2005 WL 2174397 (W.D. Tenn. 2005) ($830.82 per hour for 17.9 hours of work found not unreasonable); *Claypool v. Barnhart*, 294 F.Supp.2d 829 (S.D. W. Va. 2003) (fee amounting to $1,433.12 per hour found to be reasonable); *Brown v. Barnhart*, 270 F.Supp.2d 769 (W.D. Va. 2003) (fee amounting to $977.20 per hour found reasonable). Accordingly, the undersigned recommends that the Court award as a reasonable attorney's fee for services rendered by petitioner in this Court the requested sum of $11,941.00. Upon receipt of this money, plaintiff's counsel must then, of course, refund to the claimant the previous EAJA attorney-fee award of $1,298.70 made on January 3, 2001 (Docs. 20-21). *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the

claimant the amount of the smaller fee.'"); *see Watford, supra*, 756 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

## CONCLUSION

The Magistrate Judge recommends that petitioner receive as an attorney's fee for services rendered in this Court the sum of $11,941.00 pursuant to 42 U.S.C. § 406(b).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 17th day of July, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

9

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.	*Objection.*  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.	*Transcript (applicable Where Proceedings Tape Recorded).*  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


		 S/WILLIAM E. CASSADY
		UNITED STATES MAGISTRATE JUDGE